**JIAN LIN, Petitioner,**

v.

**U.S. DEPT. OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

No. 06–4448–ag.

United States Court of Appeals, Second Circuit.

May 11, 2007.

Jian Lin, pro se, Brooklyn, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Michelle, Gordon Latour, Assistant Director, Office of Immigration Litigation; Alexander Goring, Attorney, Office of Immigration Litigation, Washington, D.C. for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges.

**40**

***SUMMARY ORDER***

Petitioner Jian Lin, a native and citizen of the People's Republic of China, seeks review of a September 20, 2006 order of the BIA affirming the April 1, 2005 decision of Immigration Judge ("IJ") Helen Sichel denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Lin,* No. A77 322 918 (B.I.A. Sept. 20, 2006), *aff'g* No. A77 322 918 (Immig. Ct. N.Y. City April 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects, but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus those arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004). A determination "based on flawed reasoning . . . will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal,* not factual error." *Secaida–Rosales v. INS,* 331 F.3d 297, 307

(2d Cir.2003); *Cao He Lin,* 428 F.3d 391 at 400.

■ Substantial evidence does not support the agency's determination that Lin failed to meet his burden of proof for asylum. The BIA reasonably found that Lin failed to establish past persecution based on the treatment of his girlfriend under the family planning policy, regardless of their marital status, when Lin's girlfriend had never been forced to abort a pregnancy or to undergo involuntary sterilization. *See* 8 U.S.C. § 1101(a)(42) (providing that a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, is deemed to have been persecuted on account of political opinion).

However, the BIA's determination that Lin failed to establish past persecution based on his own treatment by family planning officials was flawed. Although the BIA assumed credible Lin's testimony that family planning officials arrested him in his home when they found that his girlfriend was not there, detained him, and beat him with their fists, it concluded that such harm did not rise to the level of persecution because Lin failed to describe the extent of his injuries. The BIA's reliance on the nature of Lin's injuries, absent any consideration of the context of the incident, was error. This Court has emphasized that a " 'minor beating,' or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). Thus, because

the BIA applied an inappropriately stringent standard, we remand this case with regard to each of Lin's claims for relief because it cannot be confidently predicted that the BIA would have reached the same decision, had it applied the correct standard. *See Xiao Ji Chen,* 471 F.3d at 339–40.

■ Remand is further required because the BIA's determination that Lin failed to establish a well-founded fear of future persecution is also flawed. The BIA noted that the 1998 State Department Profile of Asylum Claims and Country Conditions for China indicated that in Fujian Province, Lin's native province, sterilization appears to be urged only for families that already have two or three children, whereas Lin and his girlfriend only have one child. While ordinarily State Department reports are probative, *see Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006), the IJ was obliged to consider the "particular circumstances" and "countervailing evidence" described by Lin, particularly the allegations that he had been arrested and detained. *See Tian–Yong Chen,* 359 F.3d at 130. In addition, although the BIA considered Lin's assertions that, after he fled China, family planning officials destroyed valuables in his home and imposed a fine on him and his girlfriend, which his mother paid, it did so only with regard to its past persecution analysis. Moreover, the BIA did not take into account Lin's testimony, which it assumed credible, that both his mother and girlfriend had informed him on multiple occasions that the authorities still seek to arrest him. The BIA's failure to consider this evidence, which was relevant to a determination of any likelihood that Lin would face future persecution in China, was error. *See Xiao Ji Chen,* 471 F.3d at 341 (emphasizing that in rejecting an applicant's claim, the IJ should "consider all the evidence in the record that has probative value").

■ Lastly, we decline to consider Lin's CAT claim to the extent it was based on his illegal departure from China because this issue was not exhausted at the administrative level. *See generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *see also Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107–09, 124–25 (2d Cir.2007) (describing issue exhaustion as "mandatory," but holding that it was not a statutory judicial requirement).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).